

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–1155

| | |
|---|---|
| KIM DERICK JACKSON | **Opinion Delivered** June 18, 2014 |
| APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. CR-2011-051] |
| V. | |
| | HONORABLE DAVID G. HENRY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

The State charged Kim Jackson with two counts of first-degree terroristic threatening.[1] A jury convicted him on only one count. Jackson now appeals the conviction. However, he never made a directed-verdict motion specifying how the count that resulted in conviction lacked sufficient evidence. His argument, therefore, is not preserved for our review, and we affirm.

The State alleged that Jackson had threatened two jailers, Houston Thompson and Timothy Sneed, while he was incarcerated in the county jail. Both jailers testified at Jackson's jury trial that Jackson ripped out a telephone headset and smashed it against the jail cell's windows. In response, Thompson and Sneed entered the cell and transported Jackson to a holding tank. On the way there, Jackson made the comments that formed the

---

[1]Jackson was also charged and convicted of criminal mischief, but he has not appealed that conviction.



basis of the criminal charges; and on this point Thompson's and Sneed's testimonies diverged.

Thompson testified that Jackson said he would "hurt us, pretty much[,] and he mentioned killing [Sneed] at one point." The State attempted to refresh Thompson's recollection and provided him with the incident report he signed shortly after the quarrel. After reading the report, Thompson clarified his testimony and said that Jackson threatened to "kill both of us the first time he saw us." But Sneed's testimony was less equivocal. He testified that Jackson told him, "[w]hen I get out, I'm going to kill you."

At the end of the State's case, Jackson moved for a directed verdict on the count of terroristic threatening involving victim Thompson. The court denied the motion and submitted the case to the jury. The jury eventually acquitted Jackson on the count against victim Thompson, but it convicted him on the count against victim Sneed.

On appeal, Jackson argues that the conviction against victim Sneed is not supported by substantial evidence. Yet that argument is not preserved. A motion for a directed verdict must specifically advise the circuit court about how the evidence was insufficient. *Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). Here, Jackson's directed-verdict argument only addressed the charge involving victim Thompson. It was silent regarding the charge involving victim Sneed. Because the jury acquitted Jackson for the charge against victim Thompson, there is no sufficiency

SLIP OPINION

argument preserved for our review. We cannot now, for the first time on appeal, consider Jackson's new argument that the evidence was insufficient for the charge involving Sneed.

Affirmed.

PITTMAN and HIXSON, JJ., agree.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Richmond Giles*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.